**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Lorne Armstrong, | : | |
| | : | Civil Action No. 12-1832(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Donna Zickefoose, | : | |
| | : | |
| Respondent. | : | |

APPEARANCES:

Lorne Armstrong
Federal Correctional Institution, Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Petitioner pro se

J. Andrew Ruymann
Assistant United States Attorney
402 E. State Street, Room 430
Trenton, NJ 08608
     Counsel for Respondent

**HILLMAN**, District Judge

This matter is presently before the Court pursuant to the submission of a Petition for a Writ of Habeas Corpus under Title 28 U.S.C. § 2241 [1], by the Petitioner Lorne Armstrong.

For the reasons stated below, the Petition will be denied as moot.

## I.   BACKGROUND

This matter is before the Court upon the Petition for Writ of Habeas Corpus under Title 28 U.S.C. § 2241 brought by Petitioner Lorne Armstrong ("Petitioner").  Petitioner alleged the Bureau of Prisons ("BOP") wrongly denied him 259 days of prior custody credit in calculating his release date, and his failure to fully exhaust his administrative remedies should be excused because he could not complete his administrative remedies before his proper release date in mid-February 2012.  (Pet. at 4.)

Respondent Donna Zickefoose ("Respondent") requests that the Court deny the petition because Petitioner failed to exhaust his administrative remedies or alternatively because the petition lacks merit.  (Respondent's Answer to Petition for Writ of Habeas Corpus ("Response") at 12-13.)  The BOP calculated Petitioner's release date as November 6, 2012.  (Response at 13, Decl. of Dennis Melick ("Melick Decl."), Attach. 8, pp. 6-21.)  Petitioner filed a reply, asserting the BOP should have started his federal sentence on the day he was detained, rather than on his federal sentencing date, thus, resulting in an earlier release date.  (Petitioner's Reply to the Government's Recommended Denial of His Writ of Habeas Corpus ("Reply") at 2,

5-7.) According to the BOP inmate locator, Petitioner was released on November 6, 2012.[1]

This Court has considered the Petition, Response and Reply, and will decide it on the papers, pursuant to Federal Rule of Civil Procedure 78(b).

## II.   ANALYSIS

The BOP calculated Petitioner's release date as November 6, 2012, and according to the BOP inmate locator, Petitioner was released from custody on that date.  While Petitioner properly brought his challenge to the BOP's execution of his sentence under 28 U.S.C. § 2241 while he was in custody, see Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241-44 (3d Cir. 2005) (exercising jurisdiction over prisoner's challenge to execution of sentence under § 2241), Petitioner is no longer in custody.

Under Article III of the Constitution, a federal court may only adjudicate an actual ongoing case or controversy.  Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).  Federal jurisdiction is proper where the litigant has suffered or is threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial opinion."  Id. (quoting Lewis, 494 U.S. at 477) (citations omitted).  A federal

---

[1] See Inmate Locator, available at http://www.bop.gov/inmateloc/ Petitioner's BOP Register No. is 11249033.  (Response at 1.)

district court does not have the power to decide questions that cannot affect the rights of litigants before it. Id. (citing Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 241 (1937)).

Incarceration satisfies Article III's case or controversy requirement. Spencer v. Kemna, 118 S.Ct. 978, 983 (1997). Petitioner sought earlier release from BOP custody but he has already been released. At this time, a favorable judicial decision will not provide him relief on his petition.

After a sentence has expired, there must be a continuing injury, also called a collateral consequence, for a case or controversy to exist. Burkey, 556 F.3d at 147. When a habeas petitioner is attacking a sentence that has already been served, collateral consequences are not presumed and must be proven. Id. at 148 (citing United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998).

Here, Petitioner is on supervised release for a term of life. (Melick Decl., Attach. 1 at 4). The possibility that the sentencing court might grant a shorter term of supervised release is so remote that it does not constitute a collateral consequence. See Burkey, 556 F.3d at 148-49 (holding delayed commencement of habeas petitioner's validly imposed term of supervised release is not a continuing injury that would avoid application of the mootness doctrine after the petitioner's release from prison). Petitioner has not asserted any

collateral consequences that would survive the mootness doctrine.  Thus, the Petition is moot.[2]

III.  CONCLUSION

For the reasons set forth above, the Petition for a Writ of Habeas Corpus under Title 28 U.S.C. § 2241 will be denied as moot.  An appropriate order follows.

At Camden, New Jersey                s/ Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated: January 7, 2015

---

[2] Although the petition is now moot, the Court notes the petition was meritless.  See Lindsey v. Shartle, Civil No. 11-4621 (RMB), 2012 WL 868945, *7 (D.N.J. Mar. 14, 2012) ("Because the federal sentence could not commence under § 3584(a) before it was imposed, and because § 3585(b) prohibits prior custody credit through a *nunc pro tunc* designation for time served *prior to commencement* of the federal sentence where that was credited against a state sentence, . . . the BOP lacked the power to count this time against [petitioner's] federal sentence.")